IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN KONDOUDIS,<br><br>　　Plaintiff,<br><br>vs.<br><br>THE VILLAGE OF BUCKNER, ILLINOIS<br>and PATROLMAN WILLIAM MCKINNEY,<br>Individually and in his Official Capacity as an<br>Officer for Buckner Police Department,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>) NO.: 13-CV-00732-MJR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, Plaintiff Kevin Kondoudis, by and through his attorney Jarrod P. Beasley of The Kuehn Law Firm, and for his complaint against The Village of Buckner, Illinois, and Patrolman William McKinney, states as follows:

**(Count I – 42 U.S.C. § 1983 – Patrolman William McKinney)**

1. Plaintiff is and was at all relevant times a resident of Buckner, Illinois, Franklin County, Illinois.

2. The Defendant, Village of Buckner, is a municipal corporation and governmental unit within the State of Illinois, County of Franklin.

3. At all relevant times, Defendant McKinney, was a police officer employed by Buckner Police Department to perform duties.

4. On or about April 7, 2013, Plaintiff was at his home around 6:30 p.m. Kevin was having some difficulty with Jason Lyle regarding a truck he had recently purchased.

5. Plaintiff asked Mr. Lyle to leave, but he refused. Plaintiff then telephoned the Chief of Police, Allen Barnfield, at his residence.

6. After hearing the call, Mr. Lyle began to leave and was walking down Market Street.

7. Officer McKinney arrived on the scene, and without provocation or legal justification, ordered plaintiff to place his hands on the hood of the vehicle. Plaintiff complied.

8. Plaintiff tried to explain to Officer McKinney that the incident had been resolved. Officer McKinney, without provocation or legal justification, told plaintiff he was "tired of him" and tazered the plaintiff.

9. Plaintiff began convulsing and fell into a ditch.

10. Upon information and belief, Officer McKinney tazered plaintiff again.

11. Witnesses had gathered and pleaded with Officer McKinney to relax and that plaintiff hadn't done anything wrong. Officer McKinney then threatened them with his tazer and ordered them away or "You will be next."

12. That in an attempt to justify his actions, as well as the unlawful detention and tasing of the plaintiff, the defendant charged the plaintiff with resisting arrest.

13. That at all times mentioned herein, McKinney was acting under color of law and in his capacity as an officer for the Buckner Police Department.

14. That as a direct and proximate result of one or more of these acts, Plaintiff was injured.

15. That Plaintiff has suffered, and will suffer in the future, severe injury and pain, lost enjoyment of life, pain and suffering and disability as a result of Defendant's

negligence. That the aforementioned acts by the defendant constituted grossly excessive force and an illegal seizure in violation of the plaintiff's fourth amendment rights.

16. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the plaintiff suffered personal injury and pain and suffering, lost his freedom, lost sums of money due to inability to work, and will continue to experience pain and suffering, lose sums of money, and the stigma associated with having sustained a record of the aforementioned arrest.

WHEREFORE, the Plaintiff, Kevin Kondoudis, demands judgment against the Defendant, William McKinney, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), plus costs.

### (Count II – The Village of Buckner, Illinois – 42 U.S.C. § 1983)

17. Plaintiff hereby incorporates paragraphs 1-16 as if fully set forth herein.
18. At all times mentioned herein, the defendant, the Village of Buckner, Illinois, had customs, policies, and practices that violated the Fourth Amendment rights of its arrestees under the Illinois and United States Constitutions, including, but not limited to:

   a. It hired and retained Officer McKinney, knowing that he was likely to violate the rights of his arrestees;

   b. It failed to properly train, investigate, discipline, and/or fire Officer McKinney for such violations; and

   c. It gave credence to Officer McKinney's actions by refusing to dismiss the criminal charges levied against the Plaintiff,

WHEREFORE, the Plaintiff, Kevin Kondoudis, demands judgment against the Defendant, The Village of Buckner, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), plus costs.

### (Count III – Village of Buckner- Indemnification)

19. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. Pursuant to 745 ILCS 10/9-102 the local governmental entity is required to pay any tort judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

21. Defendant McKinney was acting in the course and scope of his employment at all times referenced in the complaint.

22. The Village of Buckner is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, the Plaintiff, Kevin Kondoudis, demands judgment against the Defendant Village of Buckner for the amount of any judgment entered against Defendant McKinney in Count I and for such further relief as this Court deems just and proper.

Respectfully Submitted,

/s Jarrod P. Beasley
Jarrod P. Beasley #6274536
Attorney for Plaintiff
The Kuehn Law Firm
23 Public Square, Suite 450
Belleville, IL 62220
Phone: 618.277.7260
Fax: 618.277.7718
jarrodbeasley@kuehnlawfirm.com